IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| SONIE CHARLES SUTTLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 4:19-cv-08043-LSC |
| | ) | (4:10-cr-00229-LSC-GMB-2) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

Petitioner Sonie Charles Suttles ("Suttles") filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the following reasons, the motion is due to be denied for lack of jurisdiction.

**I.     Background**

On September 29, 2010, Suttles pled guilty to: (1) Count One – armed bank robbery in violation of 18 U.SC. §§ 2113(a) & (d); and (2) Count Two – brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), pursuant to a written plea agreement. Suttles was sentenced to 44 month's imprisonment as to Count 1 and 100 months as to Count 2, to run consecutively to Count 1, for a total of 144 months.

Suttles appealed, but later moved to dismiss the appeal. The Eleventh Circuit granted his request on September 26, 2011. (Doc. 76 in *USA v. Bell et al.*, 10-00229-LSC-GMB-2.)

Suttles placed his first motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the prison mail system on August 6, 2012, and it was entered by the clerk on August 10, 2012 and docketed as case number CV-12-CO-8031-M. (Doc. 79.) This Court denied Suttles's first § 2255 motion on August 23, 2012. (Doc. 82.) The Eleventh Circuit denied Suttles's motion for leave to file a successive § 2255 motion on June 24, 2016. (Doc. 95.)

Now, pending before this Court is Suttles's second motion to vacate under 28 U.S.C. § 2255 (doc. 99), placed in the prison mail system on October 28, 2019, and entered by the clerk on November 1, 2019.

## II.    Discussion

Suttles's two arguments are that: (1) his conviction on Count 2 for brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) should be vacated due to the United States Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019); and (2) his Fifth, Eighth, and Fourteenth Amendment rights are being violated. However, this Court lacks jurisdiction to consider his motion.

Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). There is no indication that Suttles has received such authorization from the Eleventh Circuit. In fact, the United States Court of Appeals denied Suttles's motion for leave to file a successive motion. Therefore, Suttles' motion is due to be dismissed for lack of jurisdiction.

### III.   Conclusion

For the reasons stated above, the § 2255 motion is due to be denied for lack of jurisdiction.

Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues

presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Suttles' claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Suttles' motion, it is due to be denied.

A separate closing order will be entered.

**DONE** and **ORDERED** on June 30, 2020.

_____<br>
L. Scott Coogler<br>
United States District Judge

201416